UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER VILLATORO,<br><br>Plaintiff,<br><br>v.<br><br>ERICK SANTIAGO, et al.,<br><br>Defendants. | Case No. 3:16-cv-01697-EDL   (KAW)<br><br>**ORDER IMPOSING SANCTIONS ON ERICK SANTIAGO FOR FAILURE TO APPEAR AT 10/14/16 SETTLEMENT CONFERENCE** |

On October 14, 2016, Defendant Erick Santiago failed to appear at the scheduled settlement conference, so the settlement conference could not go forward. On October 19, 2016, the Court issued an order to show cause to Mr. Santiago to explain why he should not pay monetary sanctions to reimburse Plaintiff's counsel for the expenses incurred as a result of his failure to appear. Defendant did not file a response.

For the reasons set forth below, the undersigned imposes monetary sanctions on Erick Santiago in the amount of $1,976.50, which shall be made payable directly to Plaintiff's counsel within 30 days of this order.

### I.   BACKGROUND

On July 14, 2016, the Court issued a notice of settlement conference, in which it scheduled the settlement conference before the undersigned for October 14, 2016. (Dkt. No. 19.) Defendant Erick Santiago was served with the notice via U.S. Mail. (7/14/16 Certificate of Service, Dkt. No. 19-1.)

On October 14, 2016, the Court held a settlement conference at which Defendant Erick Santiago did not appear. (10/14/16 Minute Entry, Dkt. No. 29.) Defendant also failed to lodge a settlement conference statement pursuant to the undersigned's Standing Order for Settlement

1   Conferences. (Dkt. No. 28.)  Defendant similarly did not respond to any of the voicemail messages

2   from the undersigned's chambers the week of the settlement conference. *Id.*

3   Also on October 14, 2016, Plaintiff's counsel Kevin Elliott filed a declaration setting forth

4   the attorneys' fees and costs incurred in relation to the settlement conference, which totaled

5   $1,976.50. (Decl. of Kevin R. Elliott, "Elliott Decl.," Dkt. No. 30 ¶ 5.)  Mr. Elliott's billing rate is

6   $295 per hour, and he spent 6.7 hours to prepare for and attend the settlement conference. (Elliott

7   Decl. ¶ 6.)

8   On October 19, 2016, the undersigned issued an order to show cause to Mr. Santiago to

9   explain, in writing, why he should not pay monetary sanctions in the amount of $1,976.50 to

10  reimburse Plaintiff's counsel for the time and expenses incurred as a result of his failure to appear

11  at the settlement conference. (Order to Show Cause, Dkt. No. 31 at 1.)  Defendant's response was

12  due by November 4, 2016. *Id.* The order to show cause was sent to Defendant via U.S. Mail.

13  (10/19/16 Certificate of Service, Dkt. No. 31-1.)  To date, no response has been filed.  Defendant

14  was advised that his failure to comply with the order to show cause may result in the imposition of

15  sanctions. (Order to Show Cause at 2.)

## II.     LEGAL STANDARD

A court may award fees and costs caused by a party's failure to appear at a settlement conference under Federal Rule of Civil Procedure 16(f), unless the failure was substantially justified or other circumstances make an award unjust. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).  Under Rule 16(f), an award may include the payment of the reasonable fees and expenses incurred due to a party's noncompliance." *Id.* at 1270.  Notwithstanding, the "[i]mposition of sanctions under Rule 16(f) requires notice and an opportunity to be heard." *Id.* (citing *Ford v. Alfaro*, 785 F.2d 835, 840 (9th Cir. 1986).  To do otherwise is an abuse of discretion. *Alfaro,* 785 F.2d at 840.

## III.    DISCUSSION

### A.     Due Process Considerations under Rule 16(f)

The Court issued an order to show cause on October 19, 2016 to afford Defendant the opportunity to explain why he failed to appear at the settlement conference.  Defendant did not

respond by the November 4, 2016 deadline, nor has he filed an untimely response or otherwise communicated with the undersigned. Thus, Defendant received the requisite notice and an opportunity to be heard under Rule 16(f) when the undersigned issued an order to show cause and gave him a meaningful opportunity to respond. *See* Ayers, 895 F.2d at 1270. Accordingly, sanctions under Rule 16(f) are procedurally proper.

### B.     Attorney's Fees Request

Mr. Elliott claims that his hourly rate is $295.00 per hour, such that $1,976.50 is reasonable compensation for the 6.7 hours billed in connection with the settlement conference. (Elliott Decl. ¶¶ 5-6.) Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).

#### i.     Reasonableness of the Hourly Rate

A party seeking attorneys' fees bears the burden of demonstrating that the rates requested are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 980 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). The Court is aware of the prevailing rates in the community for similar services performed by attorneys of comparable skill, experience, and reputation, and finds that Mr. Elliott's claimed hourly rate of $295.00 is reasonable. *See, e.g., Recouvreur v. Carreon*, 940 F. Supp. 2d 1063, 1070 (N.D. Cal. 2013) (finding an ordinary billing rate of $300 per hour reasonable for a lawyer in private practice and utilizing the Adjusted Laffey Matrix).

#### ii.    Reasonableness of the Hours Billed

Mr. Elliott claims to have spent 6.7 billable hours preparing for and attending the settlement conference. (Elliott Decl. ¶ 5.) Specifically, Mr. Elliott spent 3.7 hours preparing for the settlement conference by drafting the statement, preparing the damages calculation, and corresponding with the court. (Elliott Decl. ¶ 6.) Additionally, Mr. Elliott billed 3.0 hours attending the settlement conference in Oakland, which included travel time between his office in San Jose and the Oakland Courthouse. *Id.* The Court finds that the 6.7 hours billed by Mr. Elliott

1  is reasonable.

## IV. CONCLUSION

In light of the foregoing, the Court imposes sanctions on Erick Santiago in the amount of $1,976.50 for failure to attend the October 14, 2016 settlement conference. The amount due shall be paid directly to Plaintiff's counsel Kevin R. Elliott within 30 days of this order.

IT IS SO ORDERED.

Dated: November 18, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge